UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NANCY RODRIGUEZ, individually and on behalf
of all others similarly situated,

        Plaintiff,

  -against-

ORLIAN & LEVINE,

        Defendants.
-------------------------------------------------------------x

JUDGE STEIN

06 CV 2741

COMPLAINT

RECEIVED
APR 07 2006
U.S.D.C. S.D. N.Y.
CASHIERS

The plaintiff **NANCY RODRIGUEZ**, (hereafter the "plaintiff" or "Ms. Rodriguez") individually, as well as on behalf of all other persons similarly situated, by her attorneys Fishman & Neil, LLP, as and for her complaint against the defendants **ORLIAN & LEVINE** (hereafter "defendant") alleges as follows, upon information and belief, except those allegations which directly relate to plaintiff herself which are alleged upon personal knowledge, as follows

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, statutory attorney's fees and injunctive relief brought pursuant to 15 USC § 1692 *et seq.* ("Fair Debt Collection Practices Act" or "FDCPA") and the New York Deceptive Practices Act (General Business Law Art. 22-A § 349) ("DPA").

2. The defendant engaged in conduct violative of the FDCPA by issuing "three day demand" notices demanding payment of rent to the plaintiff and

1

members of the plaintiff class without providing any of the disclosures requires by 15 USC § 1692e and 15 USC § 1692g.

3. The plaintiff alleges that the defendants' use of such letter, and its attempt to collect the alleged debt, violated various provisions of the FDCPA as set forth more particularly herein.

4. The plaintiff further alleges that the defendants' conduct was deceptive and misleading within the meaning of the DPA, and that the plaintiff, acting as a "private attorney general" is entitled to an injunction, on behalf of all New York residents, enjoining the defendants from engaging in the conduct alleged herein to be deceptive.

5. The plaintiff further alleges that the defendants' conduct and actions described here are the same, or substantially similar to, the conduct and actions they direct at numerous other persons.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction of the state law claim asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. The plaintiff is an adult resident and citizen of the State of New York, County of New York, and is a "consumer" within the meaning of the FDCPA [15

U.S.C. § 1692a(3)].

8. The defendant Orlian & Levine ("Orlian") is a professional corporation engaged in the business of a law firm with a principal place of business at 277 Broadway, New York, NY.

9. The defendant is a "debt collector" within the meaning of the FDCPA [15 USC § 1692(a)(6)] in that it regularly engages in the collection, or the attempted collection, of "debts," as that term is defined by 15 USC § 1692(a)(6), which are owed, or alleged to be owed, to others.

### FACTS PERTAINING TO NANCY RODRIGUEZ

10. The plaintiff is a resident at 747 10th Avenue, Apt. 29G.

11. The landlord of the plaintiff's apartment is Hudsonview Co.

12. On or about April 8, 2005 the defendants sent an unsigned "*boiler-plate*" "Three Day Demand Notice" ("demand letter") to the plaintiff, claiming that the plaintiff owed $1,187 in rent arrears. The demand letter was written by a third party on behalf of the landlord and was sent in defendant's pre-printed envelopes. (The full demand letter is attached as Exhibit A, the envelope is attached as Exhibit B. Both exhibits are incorporated by reference and made a part hereof).

13. The demand letter is a "communication" within the meaning of 15 USC § 1692a(2).

14. The demand letter failed to contain any of the statements required by 15 USC § 1692(e)(11) and 15 USC §§ 1692g(3) and (4), and plaintiff never

subsequently received those required statements from defendant or any other party.

## CLASS ALLEGATIONS

13. This action is brought as, and may properly be maintained as, a class action pursuant to FRCP 23(b)(3). The plaintiff brings this action on behalf of herself and all members of a class (the "Class"), consisting of all persons who are consumers, as defined by the FDCPA, who, in the one year period prior to the commencement of this action, were sent a letter by the defendants which is the same or similar to the letter which is attached hereto as Exhibit A, which contains a demand for the payment of a sum of money and does not contain the disclosures required by 15 USC § 1692(e)(11) and 15 USC §§ 1692g(3) and (4).

14. This proposed class definition is provisional and may be adapted, as appropriate, after completion of discovery.

15. Plaintiff is informed and believes and thereupon alleges that the class is so numerous that joinder of all members is impractical. The plaintiff reasonably believes that during the statute of limitations period letters the same or similar to the one sent to her by the defendants were sent to dozens, if not hundreds, of other persons.

16. There are questions of law and fact common to the class, which predominate over any questions affecting only the plaintiff. The principal question is

whether the defendants' conduct in connection with the use of Exhibit A, and/or similar letters, violates the FDCPA.

17. There are no individual questions, other than whether a class member was sent one of the offending letters, which can be determined by ministerial inspection of the defendants' records.

18. The plaintiff will fairly and adequately protect the interests of the class. She is committed to vigorously litigate this matter. She is greatly offended and annoyed at being the victim of the defendants' illegal practices and wishes to see that the wrong is remedied. To that end, she has retained competent counsel experienced in handling claims under the FDCPA, class actions and deceptive business practices claims under the DPA. Neither the plaintiff or her counsel have any interests which might deter them from vigorously prosecuting this case.

19. The plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

20. A class action is a superior method for the fair and efficient adjudication of this controversy.

21. The interest of class members in individually controlling the prosecution of separate claims against the defendants is relatively small. Management of this class claim is likely to present significantly fewer difficulties than those presented in many other class actions.

### AS AND FOR A FIRST CAUSE OF ACTION

22. The plaintiff repeats and realleges each and every allegation set forth

above as if reasserted and realleged herein.

23. The defendant's use of Exhibit A violates 15 USC § 1692e which prohibits debt collectors from using false, misleading or deceptive means to collect or attempt to collect any debt.

24. The defendant violated 15 USC § 1692e(11) by failing to disclose in the demand letter that the defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

25. The defendant violated 15 USC § 1692g(a)(3) by failing to include a statement in the demand letter that unless the consumer, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

26. The defendant violated 15 USC § 1692g(a)(4) by failing to include a statement in the demand letter that if the consumer notified the debt collector within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector would obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector.

27. By reason of the foregoing, the defendants are liable to the plaintiff, and the class she represents, for actual damages pursuant to 15 USC § 1692k(a)(1) and statutory damages as provided by 15 USC § 1692k(a)(2)(B) in an amount equal to the lesser of $500,000 or 1% of the net worth of defendant.

28. The plaintiff, and the class she represents, are further entitled to recover costs and attorney's fees from the defendants pursuant to 15 USC § 1692k(a)(3).

## AS AND FOR A SECOND CAUSE OF ACTION

29. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

30. Exhibit A contains false, deceptive and/or misleading representations, statements and claims, including, but not limited to the failure to disclose that the letter was sent by a debt collector and the failure to inform consumers of their rights under the FDCPA.

31. The plaintiff is a consumer of housing services provided by the defendant's client.

32. The above statements, representations and claims are false, deceptive and misleading in a material respect and have the capacity and tendency to deceive consumers.

33. The above statements, representations and claims did in fact, harm, deceive and/or mislead the plaintiff and caused her both pecuniary and non-pecuniary damage in the form of anxiety, worry, distress and upset as a result of the defendants' illegal conduct.

34. The defendant has engaged in the same or similar conduct with numerous other consumers.

35. The defendant represents numerous owners and/or managing agents of residential real property in the City of New York.

36. The defendant's conduct, as set forth herein, is routinely directed at consumers generally who are residential tenants in buildings.

37. The defendant's conduct, as alleged herein, is not unique to the plaintiff but is instead the same, or substantially similar to, their usual and customary business practices directed generally at such other consumers.

38. All of the conduct alleged herein took place in the State of New York and was directed at consumers residing in the State of New York.

39. The aforementioned conduct described therein constitutes deceptive business practices, in violation of General Business Law Art. 22-A.

40. The plaintiff is acting as a "private attorney general," as authorized by GBL Art. 22-A [GBL § 349(h)].

41. As a "private attorney general," the plaintiff is permitted to seek and obtain injunctive relief barring the defendants from engaging in the false, deceptive and misleading conduct described herein to the extent that such conduct is, or has been, directed at her as well as at other consumers in New York State.

42. If the Court fails to enjoin the defendant from engaging in the illegal conduct set forth herein numerous individuals will suffer irreparable harm.

43. The plaintiff demands judgment against the defendant, pursuant to

GBL § 349(h) enjoining it from Sending Exhibit A to any consumer in New York State without notifying the consumer that the communication was from a debt collector and with including the required statements notifying consumers of their rights under the FDCPA.

44. The plaintiff is entitled to recover attorneys fees from the defendant pursuant to GBL §349(h).

**WHEREFORE**, the plaintiff demands judgment against the defendant on the claims set forth above, together with the interest, costs, disbursements of this action and such other relief as may be just.

**THE PLAINTIFF DEMANDS A JURY TRIAL**

Dated: New York, New York
April 7, 2006

Respectfully submitted,

JAMES B. FISHMAN (jbf 8998)
KEVIN C. MALLON (kcm 4798)
FISHMAN & NEIL, LLP
305 Broadway
Suite 900
New York, NY 10007
(212) 897-5840
Attorneys for the Plaintiff

# EXHIBIT A

## THREE (3) DAY DEMAND NOTICE

**Tenant:**     Nancy Rodriguez

**Premises:**   747 10th Avenue
                Apt. 29G
                New York, New York 10019

**Total Rent Due: $1,187.70**

**TAKE NOTICE**, that you are hereby required to pay to the undersigned on or before **April 14, 2005**, that being at least three days from service of this notice upon you, the sum of **$1,187.70** which amount represents monthly rent arrears as follows:

$593.85     Rent for April, 2005
$593.85     Rent for February, 2005

for the residential premises known as and by 747 10th Avenue, Apt. 29G, New York, New York, now occupied by you as a residential tenant and of which the undersigned is the landlord, or in the alternative, to deliver possession of said premises to the undersigned, in default of which the Landlord will commence summary proceedings under the statute to recover possession thereof.

**TAKE FURTHER NOTICE**, that any you shall also be held liable for such arrears as accrued during the pendency of the proceeding to be commenced upon your failure to pay, and such other costs, expenses, attorneys fees and additional rents as may apply pursuant to the terms of the lease agreement between the parties. The Landlord shall seek to amend the Petition at the time of trial to reflect such additional sums.

Dated:  New York, New York
        April 7, 2005

LANDLORD: HUDSONVIEW CO.

Respondents' Exhibit "9"

# EXHIBIT B

U.S. POSTAGE PAID
STATEN ISLAND, NY
10302
APR 08 '05
AMOUNT
$2.67
00059226-25

UNITED STATES POSTAL SERVICE

9999

7004 1350 0003 8010 2756

CERTIFIED MAIL

7004 1350 0003 8010 2756

Nancy Rodriguez
747 10th Avenue
New York, NY 10019   Apt 29 G

ORLIAN & LEVINE
277 BROADWAY
SUITE 408
NEW YORK, NY 10007